394 ' APPELLATE COURTS OF ILLINOIS.

Road District No. 44, of Perry Co., Ill. v. Ervin, 222 Ill. App. 394.

---

**Road District No. 44, of Perry County, Illinois, Plaintiff in Error, v. D. B. Ervin, Defendant in Error.**

ı ROADS AND BRIDGES—*right of highway commissioner to charge for labor of his teams and himself.* Under section 72 of the Roads and Bridges Act of 1913 (Cahill's Ill. St. ch. 121, ¶ 79), providing that in letting contracts employing labor or purchasing tools, machinery or materials the highway commissioner shall have no pecuniary interest therein, the commissioner was not entitled to charge and collect for labor performed by himself and his teams, as distinguished from fees for services as commissioner in a supervisory capacity.

Error to the Circuit Court of Perry county; the Hon. LOUIS BERN-REUTER, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded. Opinion filed October 28, 1920.

NELSON B. LAYMAN, for plaintiff in error.

MARION C. COOK, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This suit was brought by Road District Number 44, of Perry county, to recover money which it is claimed D. B. Ervin, defendant in error, illegally paid to himself while serving as highway commissioner of said district, from April, 1914 to April, 1917. Under the

Roads and Bridges Act of 1913, it became optional with the voters of any road district whether the single highway commissioner system be adopted in that district. The record does not clearly disclose whether the district, plaintiff in error, had adopted the single highway commissioner system, but it appears from the record to have been taken for granted that such was the fact and the case was tried on that basis, so we will presume that at the time in question plaintiff in error was operating under the single highway commissioner system and will also take notice of the fact that Perry county was not under township organization at the time. Paragraph "B" of section 165 of that Act [Callaghan's 1916 St. ¶ 10000(165)] provided: "In any town or road district adopting the provisions of this article, the single highway commissioner herein provided for shall receive for each and every day he is necessarily employed in the discharge of his duties a salary to be fixed by the county board in counties not under township organization and by the board of town auditors in counties under township organization * * * upon a sworn statement to be filed by such commissioner in the office of the town or district clerk, showing the number of days he was employed and the kind of employment, and giving the dates thereof."

It seems to be conceded by attorneys for both parties to this action that defendant in error was entitled to $3 per day for lawful services rendered, so we assume that amount was fixed by the county board of Perry county under this section as salary. The district contends that the evidence shows the money sought to be recovered was paid defendant in error upon warrants drawn on the road treasurer by himself and were for manual labor done on the roads by defendant in error himself and for the use of his teams on the roads. Upon the trial plaintiff in error placed the district road clerk and Ervin, the defendant

396      APPELLATE COURTS OF ILLINOIS.

Road District No. 44, of Perry Co., Ill. v. Ervin, 222 Ill. App. 394.

in error, upon the witness stand and identified a number of warrants on the road treasurer issued by him. These warrants having been introduced in evidence, plaintiff in error rested and defendant in error offered no evidence. The jury rendered a verdict for defendant in error and there was a judgment against the district for costs. The road warrants introduced in evidence covered the period from May, 1914 to April, 1917; were all signed by defendant in error as commissioner and made payable to himself. A number of these warrants designated in the record as Exhibit ''A.'' and amounting to over $750 stated on their face they were in payment ''for commissioner.'' Others designated as Exhibit ''B'' and amounting to over $1,000 stated they were in payment for various services such as ''grading,'' ''dragging,'' ''slip work,'' ''repairs,'' ''bridges and culverts'' and other services clearly of a manual nature and some contained the words ''with team.''

It is the contention of plaintiff in error that Ervin could only legally charge and receive pay for his services as commissioner in directing or superintending work or the like, and that in charging and receiving pay for manual work of himself and team he violated section 72 and other sections of the Roads and Bridges Act of 1913. This is not directly denied by defendant in error, but it is contended that the evidence does not show that the orders were for labor performed by him, and his teams, but that for all the evidence shows the money may have been drawn by defendant in error and cash paid to other parties who had actually done the work. He testified that he received the money on each of the orders made out to him and it was stipulated on the trial that the orders showed correctly the object or purpose for which each was issued. The orders in question are all made payable to defendant in error and state that they were given for work done. One for example states it was given for ''grading and

slip work" and opposite the words "with team" is given the number of hours employed and price. Another names the work done as "fixing bridges and culverts," "with team." These orders on their face plainly appear to have been given defendant in error for labor performed by him and his teams, and while he was a witness on the trial he never made any explanation of the wording of the orders tending to show that they were in fact given for labor performed by other persons and for the use of teams belonging to others, as he might readily have done had such been the case.

The general duties and powers of highway commissioners under the act of 1913, are detailed in subdivision "B" of section 50 of that Act (Cahill's Ill. St. ch. 121, ¶ 56, subd. B). Paragraphs 5 and 6 of that subdivision read as follows: "(5) To direct the construction and repair of roads and bridges within the town or district, to let contracts, employ labor and purchase material and machinery therefor, subject to the limitations herein, provided: *Provided, however,* that no contract shall be let for the construction or repair of any road or bridge or part thereof in excess of the amount of $200, nor shall any machinery or other appliances to be used in road construction in excess of such amount be purchased without the approval of the county superintendent of highways. (6) To have general charge of the roads and bridges of their town or district, to keep the same in repair and to improve them so far as practicable."

Section 72 of the Act of 1913 (Cahill's Ill. St. ch. 121, ¶ 79), provides: "In letting contracts, employing labor, or in purchasing tools, machinery or materials, neither the highway commissioners nor the county superintendent of highways shall have, directly or indirectly, any personal pecuniary interest therewith." If a commissioner charges and collects pay for his own labor on the road, and that of his teams, he cer-

tainly has a direct "personal pecuniary interest" in "employing labor" which is clearly in violation of the spirit and letter of section 72 above quoted.

The court gave the following instruction for defendant in error: "The court instructs the jury that a highway commissioner is entitled to receive for his services as such, while engaged in actual service for such district, the sum of $3.00 per day irrespective of whether such work so performed be grading, hauling, use of team, or simply superintending the work of others." If we are correct in holding that a commissioner cannot legally charge and collect pay for his own labor, and that of his teams, as distinguished from fees for services as a commissioner, it necessarily follows that this instruction stated the law incorrectly and it was error for the court to give it.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*